*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FAST SPLASH CAR WASH INC,

        Plaintiff-Appellant,

v

EVA SOBH,

        Defendant-Appellee.

UNPUBLISHED
July 14, 2026
12:06 PM

No. 375805
Wayne Circuit Court
LC No. 25-001233-NZ

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this action involving claims of conversion and civil embezzlement, plaintiff appeals as of right the trial court's order granting defendant's motion for summary disposition. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

Plaintiff, Fast Splash Car Wash, Inc., commenced this action alleging that defendant, Eva Sobh, embezzled and converted more than $68,000 from the corporation's bank accounts. According to the complaint, Fast Splash Car Wash, Inc. is wholly owned and managed by Ali Sobh, its sole shareholder and principal. Ali Sobh and defendant were formerly married, but their marriage was dissolved by judgment of divorce entered September 2, 2021, in the Wayne Circuit Court. Prior to the divorce, defendant was an authorized signatory on plaintiff's corporate accounts at Flagstar Bank; however, she was never an officer or shareholder of the corporation. Plaintiff failed to remove defendant's authorization from the corporate account following the divorce.

Plaintiff further alleged that, on June 13, 2024, defendant entered a Flagstar Bank branch, represented that she was authorized to withdraw funds from plaintiff's corporate accounts, and procured two cashier's checks drawn on plaintiff's accounts, each made payable to and endorsed by defendant. The checks totaled $53,459 and $14,992, respectively. Plaintiff asserted that it is the sole legal titleholder to these funds, that defendant lacked authority to effectuate these transactions, and that she knew or should have known of her lack of authority. The complaint set forth claims of statutory conversion, civil embezzlement, and common law conversion.

-1-

In lieu of filing an answer, defendant moved for summary disposition pursuant to MCR 2.116(C)(4), contending that the trial court lacked subject matter jurisdiction over plaintiff's claims. Defendant maintained that the dispute was, in substance, a property division matter between herself and her former spouse, over which the family division of the circuit court retained continuing jurisdiction pursuant to the judgment of divorce. Defendant argued that the divorce judgment expressly authorized her to obtain proceeds from all business property, including funds held in any account of which she was an owner or authorized user. Defendant further asserted that Ali Sobh was improperly utilizing plaintiff corporation to circumvent the family court's jurisdiction.

Plaintiff opposed the motion, asserting that defendant's reliance on the divorce judgment did not confer upon her the right to unilaterally withdraw funds from plaintiff's corporate bank accounts. Plaintiff contended that it is a juridically distinct entity from Ali Sobh and, as such, is not subject to the family court's subject matter jurisdiction. Plaintiff further argued that it possesses standing to assert claims for conversion and embezzlement against defendant in this action. Plaintiff also denied that defendant had authority—either as an agent of plaintiff or pursuant to the divorce judgment—to remove the funds in question from plaintiff's accounts for her personal benefit.

The trial court held a hearing and heard oral argument. The court then ruled from the bench as follows:

> I'm going to grant the motion based on lack of subject matter jurisdiction and I'm also going to -- I'm also going to make the observation that the use of Fast Splash Car Wash Inc. as the plaintiff on this is essentially a strawman. This is Mr. Sobh versus Mrs. Sobh. This is an interesting little way to try and get around the terms of the judgment of divorce. But I'm -- I'm not buying it. I'm also going to –
>
> * * *
>
> I'm also going to grant it pursuant to (C)(8) that she was on the account, and so you can't convert an account to which she already has rights. So for both of those reasons;(C)(4)and(C)(8), I'm granting the motion.

The trial court entered an order granting defendant's motion for summary disposition for the reasons stated on the record. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's summary disposition ruling de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "Jurisdictional questions under MCR 2.116(C)(4) are questions of law that are also reviewed de novo." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 713; 909 NW2d 890 (2017) (quotation marks and citation omitted).

> MCR 2.116(C)(4) permits a trial court to dismiss a complaint when "[t]he court lacks jurisdiction of the subject matter." A motion under Subrule (C)(4) may be supported or opposed by affidavits, depositions, admissions, or other

documentary evidence. MCR 2.116(G)(2). When affidavits, depositions, admissions, or other documentary evidence are submitted with a motion under MCR 2.116(C)(4), they "must be considered by the court." MCR 2.116(G)(5). So, when reviewing a motion for summary disposition brought under MCR 2.116(C)(4) that asserts the court lacks subject-matter jurisdiction, the court must determine whether the pleadings demonstrate that the defendant is entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact. [*Meisner Law Group PC*, 321 Mich App at 714 (alteration in original).]

Summary disposition is properly granted under MCR 2.116(C)(8) if the "opposing party has failed to state a claim on which relief can be granted." MCR 2.116(C)(8). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone," and the motion "may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

## III. ANALYSIS

"A trial court is duty-bound to recognize the limits of its subject-matter jurisdiction, and it must dismiss an action when subject-matter jurisdiction is not present." *Meisner Law Group PC*, 321 Mich App at 714. "Jurisdiction, when applied to courts, is the power to hear and determine a cause or matter." *Bowie v Arder*, 441 Mich 23, 36; 490 NW2d 568 (1992). Furthermore,

[j]urisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial. [*Id*. at 39 (quotation marks and citation omitted; alteration in original).

"Michigan's Constitution provides in, pertinent part, that 'judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, . . . and courts of limited jurisdiction that the legislature may establish . . . .' " *Id*. at 715, quoting Const 1963, art 6, § 1 (ellipses in original). "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. "Although circuit courts are courts of general jurisdiction, with original jurisdiction to hear and determine all civil claims and remedies, circuit courts do not have jurisdiction in matters in which jurisdiction is given exclusively by constitutional provision or by statute to another court." *Bowie*, 441 Mich at 50.

The "family division of circuit court has sole and exclusive jurisdiction over . . . [c]ases of divorce and ancillary matters . . . ." MCL 600.1021(1)(a). "[T]he jurisdiction of the circuit courts in matters of divorce is strictly statutory," *Zalewski v Zalewski*, 342 Mich App 429, 433; 995

NW2d 553 (2022) (quotation marks and citation omitted), and the statutory jurisdiction of a divorce court is "limited to determining the rights and obligations between the husband and wife, to the exclusion of third parties," *Estes v Titus*, 481 Mich 573, 582-583; 751 NW2d 493 (2008) (quotation marks and citation omitted). Divorce courts do not have the power to "litigate the rights of others than the husband and wife." *Id*. at 584 (quotation marks and citation omitted).

Here, plaintiff, a corporate entity, initiated this action alleging that defendant embezzled or converted corporate assets. Michigan law firmly establishes the presumption that a corporation exists as a separate and distinct legal entity from its owner, "even when a single individual owns and operates the entity." *Green v Ziegelman*, 310 Mich App 436, 450-451; 873 NW2d 794 (2015). Thus, plaintiff was not a party to defendant's divorce proceeding, irrespective of the fact that plaintiff's sole shareholder is defendant's former spouse. Consequently, the family division of the circuit court that exercised jurisdiction over defendant's divorce lacked authority to adjudicate plaintiff's claim against defendant. See *Estes v Titus*, 481 Mich at 584.

The trial court's decision to the contrary appears premised on its conclusion that plaintiff functioned as the alter ego of defendant's former husband. However, under Michigan law, a court considering whether to disregard the corporate form must analyze the totality of the evidence regarding the owner's use of the entity, particularly the manner in which the entity was utilized in the transaction at issue. The critical inquiry is whether the owner operated the entity as a sham or a mere instrumentality of personal interests. *Green*, 310 Mich App at 458. The court must further determine whether such use resulted in a fraud or wrong upon the complainant and whether the complainant would suffer an unjust loss as a consequence. *Id*. at 458-459. In this case, the trial court's rationale for piercing the corporate veil—that it did not "buy" the corporation's separate existence from defendant's former husband—does not constitute a legally sufficient basis for disregarding plaintiff's distinct legal identity. *Id*. Accordingly, the trial court erred as a matter of law in concluding that summary disposition was appropriate pursuant to MCR 2.116(C)(4) for lack of subject-matter jurisdiction.

It is also necessary to briefly address the trial court's alternative ruling granting summary disposition under MCR 2.116(C)(8). The trial court determined that defendant could not, as a matter of law, have committed conversion because she was an authorized signatory on the account and therefore "already has rights."

According to the complaint, plaintiff alleged that on June 13, 2024, defendant visited a Flagstar Bank branch, represented that she was authorized to withdraw funds from plaintiff's corporate accounts, and procured two cashier's checks totaling in excess of $68,000 from those accounts, both payable to and endorsed by defendant. Plaintiff asserted that it was the lawful titleholder to the funds at issue. Plaintiff further alleged that defendant lacked actual authority to effectuate these transactions and knew or should have known of her lack of authority, notwithstanding her status as an authorized signatory on the account. "Under Michigan common law, conversion is defined as any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with that person's rights in the property." *Aroma Wines & Equip, Inc v Columbian Distribution Servs, Inc*, 497 Mich 337, 346; 871 NW2d 136 (2015) (quotation marks and citation omitted). Statutory conversion is codified at MCL 600.2919a, which provides as follows:

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

"Although its language is rooted in common-law conversion, the tort established in MCL 600.2919a(1)(a) is not the same as common-law conversion" because "the separate statutory cause of action for conversion 'to the other person's own use' requires a showing that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Aroma Wines & Equip*, 497 Mich at 361.

Furthermore, this Court has held in an unpublished opinion[1] that the "plain language of MCL 600.2919a(1)(a) indicates that the Legislature thus intended a method of recovery for a civil claim of embezzlement, albeit cloaked in the conversion statute." *Cabala v Allen*, unpublished per curiam opinion of the Court of Appeals, issued September 27, 2012 (Docket No. 305250), p 3, lv den 493 Mich 959 (2013). "The elements of embezzlement by an agent, MCL 750.174, are (1) the money in question must belong to the principal, (2) the defendant must have a relationship of trust with the principal as an agent or employee, (3) the money must come into the defendant's possession because of the relationship of trust, (4) the defendant dishonestly disposed of or converted the money to his own use or secreted the money, (5) the act must be without the consent of the principal, and (6) at the time of conversion, the defendant intended to defraud or cheat the principal." *People v Lueth*, 253 Mich App 670, 683; 660 NW2d 322 (2002).

Here, accepting the factual allegations from plaintiff's complaint as true, plaintiff alleged claims for conversion and statutory conversion on which relief could be granted. *El-Khalil*, 504 Mich at 160; *Aroma Wines & Equip*, 497 Mich at 346, 361. Michigan is a notice pleading state, and a complaint merely must "set forth allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" *Johnson v QFD, Inc*, 292 Mich App 359, 368; 807 NW2d 719 (2011) (quotation marks and citation omitted; alteration in original).

---

[1] "Unpublished opinions are . . . not binding authority but may be persuasive or instructive." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

Moreover, plaintiff's admission in the complaint that defendant was a signatory on the account—without legal title to the account—does not mean that she could not, as a matter of law, have converted or embezzled the money from plaintiff's accounts. "Good faith, mistake, and ignorance are not defenses to a claim of conversion." *Magley v M & W Inc*, 325 Mich App 307, 315; 926 NW2d 1 (2018). Indeed, the fundamental premise of embezzlement is that a person comes into possession of funds owned by the principal, through the person's position of trust with the principal, and then dishonestly converts the money to the person's own use. *Lueth*, 253 Mich App at 683.

Accordingly, the trial court also erred by granting summary disposition under MCR 2.116(C)(8).

Considering these conclusions, and the current procedural posture of the case, there is no need to address plaintiff's additional arguments that are directed at the underlying merits of the action.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff having prevailed in full is entitled to tax costs. MCR 7.219(A).

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

-6-